

Villanova University School of Law

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-29-2007

# Rivera v. Rogers

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2936

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Rivera v. Rogers" (2007). *2007 Decisions.* Paper 1405.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1405

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2936
_____

PETER JOE RIVERA,
                              Appellant

v.

GRACE ROGERS; A.L. SANTIAGO;
C. BUCHANAN; G. BANKOWSKI;
L. CHIPPETTA

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 02-cv-02798)
District Judge: Honorable Dennis M. Cavanaugh
_____

Submitted Under Third Circuit LAR 34.1(a)
MARCH 23, 2007
Before: FISHER, ALDISERT AND WEIS, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed: March 29, 2007)

_____

OPINION
_____

PER CURIAM

Appellant, Peter Joe Rivera, appeals from the District Court's order dismissing his

complaint filed pursuant to 42 U.S.C. § 1983. For essentially the reasons set forth by the

District Court, we will affirm.

The facts and procedural history of this case are well known to the parties, and need not be restated in great detail here. In March 1992, a jury found Rivera guilty of two counts of sexual assault of a nine-year-old in the second degree, two counts of aggravated criminal sexual contact in the first degree, one count of endangering the welfare of a child, and one count of lewdness. Rivera was sentenced to a ten year prison term. He was also found guilty on a second two-count indictment, and sentenced that same day to serve a consecutive four year term of imprisonment. In October 2001, before Rivera completed his term of incarceration, he was civilly committed to the Special Treatment Unit ("STU") in Kearny, New Jersey, pursuant to the New Jersey Sexually Violent Predator Act.

Shortly after arriving at the STU, Rivera was given the Resident Handbook which outlines the rules and procedures enforced at the STU. It is specifically noted in the handbook that "[f]or security purposes, the designated DOC Mail Officer will open all packages in the mailroom" unless the package is clearly marked "Legal Mail." See Supplemental Appendix ("Ra") at 64, 75. It further states that STU's staff must review any and all tapes that enter the STU. See Ra65. Rivera's girlfriend sent him a package, which was received on March 21, 2002, containing three tapes and a letter written in Spanish. Rivera was advised in a memorandum from the STU's mailroom supervisor dated March 25, 2002, that the contents of the package were prohibited items insofar as the tapes were not from the "source of sale" and the letter contained sexually explicit content. Rivera was thus informed that the package would be stored in the mailroom

2

pending "disposal." Rivera chose to have the package returned to his girlfriend. Despite the fact that Rivera managed to receive the letter his girlfriend had written by having her send it through his attorney as legal mail (which is not viewed or checked by STU's staff), the incident prompted Rivera to file the underlying § 1983 complaint against the named defendants. In that complaint, Rivera alleges loss of personal property, denial of access to the courts, exposure to environmental tobacco smoke ("ETS") and interference with his personal mail.

In an order entered on December 22, 2002, the District Court dismissed Rivera's claims for loss of personal property, denial of access to the courts and exposure to ETS for failure to state a claim upon which relief may be granted. Rivera filed an interlocutory appeal, and the District Court stayed further proceedings pending this Court's disposition of that appeal. We dismissed Rivera's appeal for lack of jurisdiction in an order issued on June 30, 2003, see C.A. No. 03-1025, and the proceedings resumed in the District Court with defendants eventually filing a motion for summary judgment with respect to Rivera's challenge to the constitutionality of STU's mail policy. The District Court granted summary judgment in favor of defendants in a Memorandum Opinion and Order entered on May 22, 2006. This timely appeal followed.

We have jurisdiction over the instant appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over a District Court's order granting a motion to dismiss a complaint and for summary judgment. See Debiec v. Cabot Corp., 352 F.3d 117, 128 n.3 (3d Cir. 2003); Broselow v. Fisher, 319 F.3d 605, 607 (3d Cir. 2003). We have carefully

3

reviewed the record, as well as the parties' briefs, and find the appeal to be meritless.

As the District Court noted, the Fourteenth Amendment provides the standard for evaluating the constitutionally protected interests of individuals who have been involuntarily committed to a state facility. See Youngberg v. Romeo, 457 U.S. 307, 312 (1982). In determining whether the constitutional rights of an involuntarily committed individual have been violated, the court must balance the individual's liberty interests against the relevant state interests with deference shown to the judgment exercised by qualified professionals. Id. at 321-22. Given that Rivera has been convicted of a crime and is being detained in the Special Treatment Unit because of his classification as a sexually violent predator under New Jersey's Sexually Violent Predator Act, his status is similar to that of a prisoner and we agree with the District Court's decision to proceed with its analysis of his First Amendment claim by looking to case law interpreting a prisoner's rights.

The District Court's Memorandum Opinion contains a thorough application of the test set forth in Turner v. Safley, 482 U.S. 78 (1987), and we see no reason to reiterate that entire analysis here. While clearly prisoners and those involuntarily committed, by virtue of their incarceration and custody status, "do not forfeit their First Amendment right to use of the mails," Jones v. Brown, 461 F.3d 353, 358 (3d Cir.2006) (citations and quotations omitted), that right may be limited by institutional regulations that are reasonably related to legitimate penological interests. Turner, 482 U.S. at 92. The District Court considered whether there was a valid, rational connection between the

challenged STU mail regulation and a legitimate governmental interest, whether there are alternative means of exercising the right, the effect of accommodation of the right on the STU facility generally, and whether there are ready alternatives. See Jones v. Brown, 461 F.3d at 360; Nasir v. Morgan, 350 F.3d 366, 371-372 (3d Cir. 2003). As noted by the District Court, it is indisputable that STU has a legitimate interest in both the safety of its facility and the rehabilitation of its patients. See Waterman v. Farmer, 183 F.3d 208, 215 (3d Cir. 1999)("[I]t is beyond dispute that New Jersey has a legitimate penological interest in rehabilitating its most dangerous and compulsive sex offenders."). A policy that allows staff to open packages that are not marked as "legal mail" assures that packages containing contraband (i.e., items either harmful to the staff and patients, or detrimental to a patient's rehabilitation) are not being passed on to patients through the mail. Moreover, Rivera is free to send and receive mail, including letters from his girlfriend, so long as the content of the mail he receives is not sexually explicit. Additionally, we find no error in the District Court's conclusion that there are no ready alternatives and that the current policy appears to be the only viable alternative, thus further supporting the reasonableness of STU's policy.

The District Court also properly dismissed Rivera's claims for loss of personal property, denial of access to the courts and exposure to ETS pursuant to Fed. R. Civ. P. 12(b)(6). See Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). We will affirm a dismissal for failure to state a claim if we can "'say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted

5

by lawyers, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" McDowell v. Del. State Police, 88 F.3d 188, 189 (3d Cir. 1996) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). As defendants correctly point out, Rivera raised his ETS claim in a separate action docketed at D. N.J. Civ. No. 03-cv-03689. On appeal, we agreed with the District Court's conclusion that Rivera failed to state a claim regarding his exposure to ETS under Helling v. McKinney, 509 U.S. 25 (1993), and Estelle v. Gamble, 429 U.S. 97 (1976). See C.A. No. 04-2030. Rivera's claims of loss of personal property and denial of access to the courts fare no better. Given the material at issue in the instant case and the foregoing discussion regarding Rivera's First Amendment claim, his loss of personal property claim merits no further discussion. Finally, in the absence of an allegation of actual injury caused by the limitations Rivera asserts he has experienced at STU, he cannot prevail on a claim challenging his access to the court. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996) (requiring an actual injury to establish a violation of the right of access to the courts).

Accordingly, we will affirm the judgment of the District Court.