**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 12, 2013

Lyle W. Cayce
Clerk

No. 12-10231

MICHAEL BOHANNAN

Plaintiff–Appellant

v.

JOHN DOE, I, CSOT, Case Manager Supervisor, TROOPER DOE, I, Department of Public Safety; TROOPER DOE, II, Department of Public Safety; ALLISON TAYLOR; LISA WORRY, CSOT, Program Specialist; DEBORAH MORGAN, CSOT Program Specialist; LILES ARNOLD, CSOT Chairperson; MARIA MOLETT, CSOT Member; AARON PIERCE, CSOT Member; DAN POWERS, CSOT Member; RONNIE FANNING, CSOT Member; ALIDA HERNANDEZ, CSOT Member; BRAD LIVINGSTON, Director, Texas Department of Criminal Justice; STUART JENKINS, Director, Texas Department of Criminal Justice - Police Department; CHRISTINA PROPES, Director, Texas Department of Criminal Justice - Police Department; RICARDO JIMENEZ, Director, Texas Department of Criminal Justice - Police Department; MELINDA BOZARTH, Texas Department of Criminal Justice, General Counsel; JANE DOE, I; KASSIE ELLIS, Hearing Officer; VICKI HALLMAN, Texas Department of Criminal Justice - Police Department Region Supervisor; JACQUELINE DICKERSON, Texas Department of Criminal Justice - Police Department; KEN NEILL, Texas Department of Criminal Justice - Police Department Supervisor; SHERLYN JOHNSON, Texas Department Criminal Justice - Police Department Parole Officer;

Defendants–Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CV-299

No. 12-10231

Before JOLLY, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant Michael Bohannan filed a pro se complaint alleging claims against individuals and state entities involved with his civil commitment and incarceration. The district court transferred venue, denied Bohannan's request for appointment of counsel, and dismissed most of Bohannan's claims. Bohannan timely appealed, challenging the sua sponte transfer of venue, the denial of his request for appointment of counsel, and the dismissal of his claims. For the reasons that follow, we affirm in part and reverse in part.

**I**

Michael Bohannan has been convicted of a number of sex crimes dating back to 1982. His most recent offense, viewing child pornography in a county law library, occurred in 2006 and resulted in the revocation of his supervised release. Upon his release, the State initiated proceedings under a Texas law permitting the civil commitment of individuals determined to be "sexually violent predators." The law is intended to impose outpatient treatment and supervision on individuals who have committed multiple sexually violent offenses and who suffer from behavioral abnormalities that make them likely to re-offend. In January 2009, a jury found that Bohannan met the statutory requisites, and the trial court issued an order of civil commitment.[1] Bohannan was thereafter released to the Fort Worth Community Corrections Facility for mandatory supervision.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] One year later the Beaumont Court of Appeals granted Bohannan a new trial on the basis of expert testimony excluded by the trial court; the Texas Supreme Court affirmed the court of appeals in 2012. *In re Commitment of Bohannan*, 388 S.W.3d 296, 307 (Tex. 2012).

No. 12-10231

The terms of Bohannan's commitment order contain numerous provisions governing Bohannan's conduct while committed. According to Bohannan's complaint, these provisions include restrictions on outside contact, GPS monitoring requirements, and mandatory compliance with a program intended to oversee potential violations of the terms of commitment using polygraph examinations and written statements. Under Texas law, a violation of the terms of commitment constitutes a felony. On March 31, 2009, Bohannan was arrested for alleged monitoring violations based on signal losses that occurred between his GPS unit and the unit's base station. On or about April 2, 2009, the Texas Department of Criminal Justice issued a warrant requiring Bohannan to remain incarcerated pending a preliminary or final revocation hearing. Bohannan alleges that charges against him were dismissed in March 2011, approximately two years after the initial allegations were made. According to Bohannan's brief, he was returned to the Forth Worth facility once the charges were dismissed.

In March 2011, proceeding *in forma pauperis* ("IFP"), Bohannan filed suit in the Western District of Texas alleging violations of state and federal law against various officials. Bohannan's claims arose out of the manner and conditions of his commitment, the reasons for his imprisonment, his treatment in prison, and his treatment since being returned to the halfway house. Bohannan requested the appointment of counsel to assist with his claims, but his request was denied. The case was transferred to the Northern District of Texas, where the district court dismissed many of Bohannan's claims on the basis that they were frivolous or failed to state a claim upon which relief could be granted. Bohannan then filed this appeal.

## II

The district court did not resolve all of Bohannan's claims in its partial summary judgment order, and so the order was not automatically appealable under 28 U.S.C. § 1291. The district court did, however, label the judgment as

3

"final" and note that there is "no just reason for delay." Under Rule 54(b), the district court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Having done so, the district court's order of partial summary judgment is appealable and this court has jurisdiction.

## III

Bohannan disputes the district court's sua sponte transfer of venue, the rejection of his request for the appointment of counsel, and the district court's dismissal of most of his claims. Bohannan also disputes the district court's treatment of his claims as prisoner claims under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A. All told, Bohannan's brief presents nearly twenty separate issues on appeal. To facilitate the orderly consideration of each of Bohannan's claims, this opinion proceeds as follows: first, the Court will consider Bohannan's transfer of venue claim; second, the Court will review the denial of Bohannan's appointment of counsel request; third, the Court will determine Bohannan's status under the PLRA; and finally, the Court will review the dismissal of Bohannan's claims.

## A

Under 28 U.S.C. § 1391, venue is appropriate in the district where all defendants reside or where a substantial part of the events giving rise to the plaintiff's claims occurred. 28 U.S.C. § 1391(b)(1)–(2). If there is no district in which the action may otherwise be brought, then venue is appropriate in a district where any defendant may be found. *Id.* § 1391(b)(3). District courts may transfer civil actions to any other district when doing so is warranted by the convenience of the parties, the convenience of the witnesses, and the interests of justice. *Id.* § 1404. Transfers of venue are reviewed for abuse of discretion. *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 631 (5th Cir. 2008).

Here, Bohannan has failed to show an abuse of discretion.  The district court chose to transfer Bohannan's case from the Western District of Texas to the Northern District of Texas because Bohannan  was located in the Northern District, his claim involved a number of Forth Worth defendants, and many of his claims involved acts or omissions that took place in Forth Worth.  Bohannan challenges the transfer, claiming that many of the defendants he alleges claims against are based in Austin.  While a plaintiff's choice of venue is often afforded a degree of deference, it cannot be said that the district court abused its discretion in this instance.  Bohannan makes a valid point insofar as certain defendants are located in Austin.  However, the court was within its discretion to determine that the convenience of the parties and witnesses favored the Northern District more strongly.  Bohannan is located in that district, as is Wesley Griffin ("Griffin"), the defendant against whom Bohannan has focused most of his claims; and most of the conduct giving rise to Bohannan's claims occurred in Fort Worth.  Because the district court did not abuse its discretion, we affirm the transfer of venue.

**B**

"A civil rights complainant has no right to the automatic appointment of counsel unless the case presents exceptional circumstances." *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988) (per curiam).  Federal courts have "discretion to appoint counsel if doing so would advance the proper administration of justice." *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982); *see* 28 U.S.C. § 1915(d).  The factors to consider when evaluating a request for appointment of counsel include (1) the type and complexity of the case; (2) whether the indigent plaintiff is capable of adequately presenting his case; (3) whether the indigent plaintiff is capable of adequately investigating the case; and (4) whether the evidence will consist in large part of conflicting testimony requiring skilled presentation and cross examination. *Ulmer*, 691 F.2d at 213.  This case presents

No. 12-10231

relatively straightforward claims that will not involve conflicting testimony and complicated cross-examination. Moreover, Bohannan has proven himself extremely adept at presenting legal claims in his complaint and briefs. Therefore, we affirm the district court's denial of Bohannan's request for counsel.

**C**

In dismissing many of Bohannan's claims the district court relied on its responsibility to screen prisoners' civil claims pursuant to 28 U.S.C. §§ 1915A(a) and (b), part of the Prison Litigation Reform Act ("PLRA"). Under §§ 1915A(a) and (b), the district court is charged with reviewing civil actions filed by prisoners and dismissing any claim that is frivolous, that fails to state a claim upon which relief can be granted, or that seeks monetary relief from an immune defendant. *Id.* The screening function occurs before defendants are expected to respond and is intended to discourage the waste of judicial and private resources on baseless lawsuits. *Crawford–El v. Britton*, 523 U.S. 574, 596 (1998); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Bohannan challenges the district court's reliance on § 1915A on the basis that he does not qualify as a prisoner. Bohannan argues that he does not so qualify because he was civilly committed to a treatment center; he was not incarcerated as a result of a criminal conviction. We review the district court's PLRA interpretation de novo. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007) (per curiam). As explained below, the district court erred in treating Bohannan's claim as a prisoner action. However, we nevertheless affirm on other grounds the district court's decision to screen Bohannan's complaint for plausibility.[2]

When Bohannan filed this suit, he was civilly committed as part of a program for high-risk offenders. Tex. Health & Safety Code Ann.

---

[2] We separately review the district court's dismissal of Bohannan's specific claims, *infra* Part III.D.

No. 12-10231

§§ 841.001–.150 (West 2006).  Qualifying as a prisoner under § 1915A, however, requires "incarerat[ion] or deten[tion]" after being "accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915A(c).  The Fifth Circuit has previously stated that "[t]he PLRA does not apply to civilly committed detainees."  *Ruston v. Dallas Cnty.*, No. 07-10206 (5th Cir. Dec. 18, 2007) (per curiam) (unpublished).  Moreover, while the Fifth Circuit has not issued a published decision holding that civilly committed sexual predators are not prisoners under § 1915A, other circuits have.  *See Michau v. Charleston Cnty.,* 434 F.3d 725, 727 (4th Cir. 2006); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002); *Page v. Torrey*, 201 F.3d 1136, 1139–40 (9th Cir. 2000).  Circuits have consistently so held because programs like this one utilize civil proceedings to commit citizens and are not intended to have punitive effects.  *See, e.g.*, *Troville*, 303 F.3d at 1260 ("Civil detention is by definition non-punitive.").

Here, Bohannan was committed so that he could receive treatment services.  The statute itself specifically states that sexually violent predators are committed in order for the state to provide them with "outpatient treatment and supervision."  Tex. Health & Safety Code Ann. § 841.081(a) (West 2006).  Bohannan was placed into the program as the result of a civil proceeding.  *Cf. Jackson*, 475 F.3d at 261 (finding that an individual at the same Fort Worth halfway house <u>was</u> a prisoner under the PLRA because his detention was the result of a criminal conviction).  Indeed, the Texas Supreme Court has unequivocally held that civil commitment pursuant to the sexually violent predator statute "is a civil matter." *In re Commitment of Fisher*, 164 S.W.3d 637, 653 (Tex. 2005).  Bohannan thus does not fall within the PLRA's definition of "prisoner." *See* 28 U.S.C. § 1915A(c).  Accordingly, the district court erred when it applied § 1915A to Bohannan's complaint.

No. 12-10231

However, the inapplicability of § 1915A does not end our analysis given this Court's "practice of affirming the district court on alternative grounds when those grounds are supported by the record." *Brewster v. Dretke*, 587 F.3d 764, 769 n.3 (5th Cir. 2009) (per curiam). Under 28 U.S.C. § 1915(e), which governs IFP filings and complaints, district courts must similarly screen IFP complaints for claims that are frivolous, that fail to state a claim, or that seek money from an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The district court, having granted Bohannan's request to file as an IFP plaintiff, was thus justified in screening Bohannan's complaint for frivolousness, failure to state a claim upon which relief can be granted, and claims seeking monetary relief from immune defendants. *See id.* While the district court erred in treating Bohannan's action as a prisoner suit, we ultimately affirm the screening function employed, though on different grounds.

**D**

The remainder of Bohannan's brief focuses on challenging the district court's partial dismissal of his claims.[3] While the district court evaluated Bohannan's complaint under § 1915A, we review the district court's decision as though it had instead analyzed Bohannan's complaint for failure to state a claim

---

[3] As an initial matter, however, Bohannan takes issue with the district court's determination that some his claims should be dismissed as both frivolous and insufficiently pleaded, claiming that the court's outcome defies logic. Such an outcome is entirely permissible, however. A claim is frivolous when it lacks any arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curiam). A claim lacks any arguable basis in law or fact when it is based on an indisputably meritless legal theory. *Id.* A complaint fails to state a claim upon which relief can be granted when, assuming the plaintiff's allegations are true, it nevertheless fails to state a plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Given these articulations of the two standards, it is not logically inconsistent to conclude that a claim is both frivolous and fails to state a claim upon which relief can be granted. Indeed, a claim that is indisputably meritless necessarily fails to plead a plausible claim to relief.

No. 12-10231

under § 1915(e)(2)(B)(ii). Our review is de novo.[4] *Green v. Atkinson*, 623 F.3d 278, 280–81 (5th Cir. 2010) (per curiam); *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998) (per curiam). We review Bohannan's claims for plausibility, noting that plausibility is not akin to probability. *Iqbal*, 556 U.S. at 678. While we must accept allegations in the complaint as true, that assumption does not carry over to legal conclusions. *Id.* Threadbare recitals of a cause of action's elements likewise do not suffice. *Id.* We must also bear in mind, however, that Bohannan is proceeding pro se. Documents filed pro se are liberally construed; and a pro se complaint, however inartfully pleaded, is held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). As explained below, we partially affirm and partially reverse the district court's dismissal of Bohannan's claims.

1

Bohannan suggests that the district court dismissed all of his claims against unnamed defendants on the basis that the court does not entertain claims against unknown or unnamed defendants. While Bohannan's argument partially reflects the court's disposition, the district court's treatment of Bohannan's unnamed defendants warrants a closer examination because the district court did not summarily dismiss every claim against an unnamed defendant on that basis. As explained below, the district court was correct in dismissing some of Bohannan's claims against unnamed defendants. The

---

[4] Had the district court dismissed Bohannan's claims as frivolous, we would review for abuse of discretion. *Green v. Atkinson*, 623 F.3d 278, 279–80 (5th Cir. 2010). However, while the district court refers to frivolous complaints, it only mentions frivolousness as a basis for dismissal twice, and in both instances frivolousness is used concurrently with failure to state a claim. *See Bohannan v. Griffin*, 4:11–CV–299–A, 2012 WL 218953, at *7–8 (N.D. Tex. Jan. 24, 2012). Moreover, the district court's dismissals are premised on Bohannan's failure to allege sufficient facts to allege plausible claims. *Id.* As this sounds in a dismissal for failure to state a claim, *see Iqbal*, 556 U.S. at 678, we treat the district court's opinion accordingly.

No. 12-10231

district court erred in dismissing other claims, however. Thus, the Court partially affirms and partially reverses these dismissals.

Bohannan's claims against unnamed defendants can be divided up as follows: (1) claims of retaliation and malicious prosecution against John Doe I; (2) deliberate indifference to medical needs against Nurse Doe I and failure to maintain proper medical treatment policies against Doctors Doe I and II; and (3) deliberate indifference to medical needs against Troopers Doe I and II.

The district court dismissed the claims against John Doe I because they depended on a theory of respondeat superior. Bohannan alleged that John Doe I, Griffin's supervisor, committed acts of retaliation and malicious prosecution when he authorized Griffin to seek an arrest warrant based on Bohannan's alleged violation of the facility's GPS monitoring policies knowing that Bohannan had in fact not violated the monitoring policies. While it is true that § 1983 only provides a narrow window for vicarious liability claims, *see Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011), reversal is appropriate here because a plain reading of Bohannan's complaint reveals that he has alleged more than respondeat superior liability against John Doe I.

A retaliation claim under § 1983 requires (1) a specific constitutional right; (2) the defendant's intent to retaliate for the exercise of that right; (3) a retaliatory adverse act; and (4) causation. *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003) (per curiam). Bohannan clearly alleges that John Doe I knew that Bohannan had not in fact violated the facility's monitoring policies, knew that Bohannan had filed formal grievances regarding the facility's monitoring equipment, and nevertheless authorized the pursuit of an arrest warrant as an act of retaliation for Bohannan's use of the formal grievance process. Such a claim sounds in direct liability. *See Richard v. Martin*, 390 F. App'x 323, 325 (5th Cir. 2010) (per curiam) (unpublished) (vacating dismissal of a retaliation claim involving retaliation for filing a grievance); *Jones v. Greninger*, 188 F.3d

No. 12-10231

322, 324–25 (5th Cir. 1999) (discussing retaliation claims premised on filing grievances). As such, the district court erred when it dismissed this claim.

The district court dismissed Bohannan's claims regarding his treatment by medical staff, specifically Nurse Doe I and Doctors Does I and II, stating without citation that "[t]he court . . . does not consider claims against unknown defendants." *Bohannan v. Griffin*, 4:11–CV–299–A, 2012 WL 218953, at *7 (N.D. Tex. Jan. 24, 2012). This statement wholly misstates the policy of federal courts in favor of permitting the preliminary adjudication of claims against unnamed parties. *See Colle v. Brazos Cnty.*, 981 F.2d 237, 243 & n.20 (5th Cir. 1993) (recognizing that, though disfavored, plaintiffs should be given the opportunity, through discovery, to identify unnamed defendants and affirming the dismissal of unnamed parties only after plaintiff's three-year failure to prosecute). While certainly not ideal, IFP plaintiffs are permitted to plead claims against unnamed defendants.

We nevertheless affirm dismissal of Bohannan's claims against these unnamed defendants because Bohannan's complaint does not show that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). While Bohannan alleges that the unnamed defendants did not immediately provide him with medication prescribed by other physicians prior to his incarceration, he has not shown that they deprived him of medical attention with wanton disregard for his needs. *Id.* The denial appears to have been part of the facility's policy of making independent medical determinations. "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Id.* "It is indisputable that an incorrect diagnosis by prison medical personnel does not

11

suffice to state a claim for deliberate indifference." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). The decision whether to provide additional treatment, meanwhile, is an example of an issue of subjective medical judgment. *Id.* Therefore, since Bohannan has not alleged conduct that rises to deliberate indifference, we affirm the dismissal of Bohannan's claims against these defendants.

Finally, the district court dismissed Bohannan's claimed deliberate indifference to medical needs against unnamed Troopers Doe I and II on the basis that Bohannan's complaint alleged no facts that stated a constitutional claim. We affirm this dismissal because Bohannan only cursorily mentions Troopers Doe I and II in his pleadings, and because Bohannan has not alleged sufficient facts to demonstrate a deliberate indifference to Bohannan's medical needs by these defendants. Bohannan's complaint states that, prior to his arrest, he packed legal papers and prescription medications into a prison-approved bag to take with him. When Troopers Doe I and II arrived with Griffin to arrest Bohannan, the troopers asked Griffin whether to allow Bohannan to take the bag with him. Griffin told the troopers to leave the bag behind. In order to make a claim of deliberate indifference to serious medical needs, a plaintiff must show facts that "clearly evince" the "unnecessary and wanton infliction of pain" and official dereliction in that regard. *Gobert*, 463 F.3d at 345 n.13, 346. Bohannan's allegations against Troopers Doe I and II do not suffice to state such a claim based on their tangential involvement in the seizure of his medicines. Thus, the Court affirms the district court's dismissal of Bohannan's claims against Troopers Doe I and II.

**2**

Bohannan also asserted a series of related claims against a number of defendants based on the defendants' purported failure to provide a prompt hearing concerning the monitoring violation that caused Bohannan's

incarceration. The district court dismissed these claims on various immunity grounds. Bohannan challenges the dismissal on the basis that his complaint seeks injunctive relief, a permissible remedy against state actors in the § 1983 context. We need not address either issue, however, because these claims are moot. Bohannan seeks injunctive relief for prompt hearings he was denied upon his incarceration. However, Bohannan is no longer incarcerated. Therefore, there is no hearing for the Court to order. Bohannan's claims are thus moot and dismissal is appropriate. *Cf. Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (dismissing as moot inmate's § 1983 claim for declaratory and injunctive relief when inmate had since been transferred from the allegedly offending facility).

### 3

The district court dismissed Bohannan's Eighth Amendment claim for deliberate indifference to his need for dental care because it was barred by the statute of limitations. Bohannan challenges that determination, arguing that his claim was tolled while he pursued an administrative grievance to which he never received an official response. Bohannan was denied treatment after complaining of dental issues upon his arrival at the Forth Worth Community Correctional Facility on January 26, 2009. Bohannan lost a tooth on February 15, 2009, purportedly as a result of Griffin's treatment denial. Bohannan was allowed to attend a dental appointment on February 23, 2009, but Griffin had not authorized the payment of the clinic's $37 fee, so Bohannan did not receive treatment. Bohannan attended another dental appointment on March 4, 2009 and was told that he needed approximately $11,000 worth of dental work. Griffin denied this request as well. Bohannan filed a grievance on March 9, 2009 and had not received a response when he filed this suit on March 31, 2011.

There is no federal statute of limitations for claims brought under § 1983. *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992). Instead, federal courts

borrow the forum state's statute of limitations for personal injury actions, as well as the state's tolling provisions. *Id.* In Texas, personal injury claims are subject to a two-year limitations period. Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (West 2005). While some states toll the statute of limitations while an individual is incarcerated, Texas has not tolled prisoners' civil suits since the relevant statute was amended in 1987.[5] *Rodriguez*, 963 F.2d at 803. While state law provides the relevant limitations period, federal law determines when a claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Accrual occurs when the plaintiff has a complete and present cause of action, i.e., when the plaintiff can file suit and obtain relief. *Id.* Thus, under federal law, a claim accrues the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. *Piotrowski v. City of Houst.*, 237 F.3d 567, 576 (5th Cir. 2001). The district court dismissed Bohannan's claim as barred because the claim accrued no later than March 9, 2009, the date Bohannan filed a grievance regarding his dental care. Bohannan did not file his complaint until March 31, 2011. On this basis, it would appear Bohannan's complaint is time-barred.

Bohannan, however, argues that his claim is timely because the statute of limitations was tolled while he exhausted administrative remedies available. *See* 42 U.S.C. § 1997e(a). Section 1997e(a) requires that prisoners exhaust administrative remedies before filing § 1983 claims regarding the conditions of their confinement. *Id.* ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Bohannan's

---

[5] While Bohannan is not a prisoner while residing at the Fort Worth Community Corrections Facility, he was imprisoned during the pendency of his alleged GPS monitoring violation. Because Texas does not toll prisoners' claim, Bohannan's limitations period was not tolled while he was incarcerated for the alleged monitoring violation.

14

No. 12-10231

argument is unpersuasive, however, because Bohannan does not qualify as a prisoner, a point discussed earlier. *See supra* Part III.C. Under the exhaustion of remedies provision, a prisoner is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). As this Court determined above—and Bohannan previously argued—Bohannan was civilly committed; his detention is not the result of a violation of criminal law or the terms of parole, probation, or any other program. Bohannan is thus not a prisoner and the administrative exhaustion provision does not apply. The statute of limitations for Bohannan's claim expired on March 9, 2011, at the latest. Therefore, this claim is time barred and dismissal was appropriate.

Bohannan also argues that his dental care claim alleges a continuing tort for which the state of limitations has not expired. However, under federal law, a continuing tort claim accrues when the plaintiff can file suit and obtain relief. *Wallace*, 549 U.S. at 388. Bohannan's complaint shows that he could have filed suit by March 9, 2011, at the latest. Since this suit was not filed until more than two years had elapsed, Bohannan's claim is barred. Therefore, we affirm the district court's dismissal.

**4**

Bohannan next challenges the dismissal of his First Amendment claims against the Council on Sex Offender Treatment ("CSOT").[6] Bohannan claims that CSOT policies concerning visitations and outside contact violate his First Amendment rights of association because officials enforce a general prohibition on outside contact, unjustifiably delay consideration of requests for exceptions to the rule, and have no means of protecting against retaliatory denial of

---

[6] The district court allowed Bohannan's First Amendment against Griffin to proceed.

exceptions to the no-contact rule. As explained below, we reverse the district court's dismissal of Bohannan's First Amendment claims.

In the context of prisoner's First Amendment rights, the Supreme Court has established that policies infringing on First Amendment rights are valid if "reasonably related to legitimate penological interests." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987). While courts of appeals have been reluctant to articulate a specific standard applicable to civilly committed individuals, it nevertheless seems that restrictions are permissible so long as they advance the state's interest in security, order, and rehabilitation. *Ahlers v. Rabinowitz*, 684 F.3d 53, 64 (2d Cir. 2012). "While clearly prisoners and those involuntarily committed, by virtue of their incarceration and custody status, do not forfeit their First Amendment right to use of the mails, that right may be limited by institutional regulations that are reasonably related to legitimate penological interests." *Rivera v. Rogers*, 224 F. App'x 148, 151 (3d Cir. 2007) (per curiam) (unpublished). Similarly, inmates and detainees do not forfeit all rights to association upon detention. *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003). Restrictions on the right to association are evaluated under the same standard as restrictions on mail. *Id.* at 132 (holding that a rational relation to penological interests suffices to sustain the regulation in question).

In *Rivera*, the Third Circuit upheld a detention facility's policy of opening and inspecting all non-legal mail addressed to civilly-committed sexually violent predators because the policy advanced the state's interest in rehabilitation while still affording the plaintiff the ability to correspond with outside contacts. *Id.* Indeed, the court noted that the plaintiff was "free to send and receive mail, including letters form his girlfriend, so long as the content of the mail . . . is not sexually explicit." *Id.* Here, by contrast, Bohannan has alleged that the CSOT has blanket policies that prohibit all outside contact subject to arbitrary exceptions that must be requested and approved on a case-by-case basis.

No. 12-10231

Bohannan further claims that decisions to permit or deny outside contact are unduly delayed and used as tools of retaliation. In the context of an individual civilly committed for the purpose of supervision and outpatient treatment, it is hard to imagine how such a broad prohibition or an alleged policy of retaliatory denials is reasonably related to the institution's goal of treatment and rehabilitation. Bohannan has thus alleged a plausible First Amendment claim against the CSOT. Therefore, we reverse the district court's dismissal.

**5**

Bohannan alleged two Fifth Amendment claims that the district court summarily dismissed. First, Bohannan challenges allegedly mandatory written statements Bohannan was required to make regarding potential violations of his commitment order. Second, Bohannan challenges mandatory polygraph examinations that were also used to monitor his compliance with the commitment order. Bohannan claims that both the written statements and the polygraph examinations violate his Fifth Amendment privilege against self-incrimination because he was not allowed to decline to answer incriminating questions and because his statements and answers were used in his prosecution for the monitoring violation. The district court summarily dismissed both Fifth Amendment claims, concluding that Bohannan's allegations were too general and that Texas courts had rejected Fifth Amendment claims involving polygraph examinations. *Bohannan*, 2012 WL 218953, at *3. As explained below, Bohannan has alleged sufficient facts to raise plausible claims to relief. Therefore, we reverse the district court's dismissal.

"The Fifth Amendment, in relevant part, provides that no person shall be compelled in any criminal case to be a witness against himself." *Minnesota v. Murphy*, 465 U.S. 420, 426 (1984) (internal quotation marks omitted). This prohibition "privileges [Bohannan] not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers

might incriminate him in future criminal proceedings." *Id.* However, the Fifth Amendment privilege is not self-executing: individuals generally must claim the privilege against self-incrimination in order to subsequently seek redress. *Id.* at 427. If an individual asserts the privilege and is forced to answer regardless, the answer is deemed compelled. *Id.* That said, the privilege need not be asserted where some identifiable factor essentially denies an individual the choice of refusing to answer. *Id.* at 429. In these situations, the answers are also deemed compelled. *Id.* One such circumstance arises when assertion of the Fifth Amendment privilege is itself penalized. *Id.* at 434–35. Thus, in order to assert a plausible Fifth Amendment claim, Bohannan must allege (1) that his statements were compelled either because he raised his Fifth Amendment privilege and was denied it, or because could not have raised his privilege without facing a penalty; and (2) that his statements were used in a subsequent prosecution.

Bohannan has pleaded an actionable Fifth Amendment claim regarding allegedly mandatory written statements because he claims that his written statements were used in a subsequent criminal proceeding[7] and that he was "ordered . . . under threat of jailing, to write statements addressing allegations of rule/condition violations." As alleged, Bohannan was faced with a dilemma that gives rise to a Fifth Amendment claim. If Bohannan wrote statements admitting to violations of his commitment order, he would be subject to felony prosecution, Tex. Health & Safety Code Ann. §§ 841.085(a)–(b) (treating as a third-degree felony any violation of the commitment requirements imposed by § 841.082); if he refused to make the written statement required, he would be subject to felony prosecution under the same statute, since the written statements were allegedly required as a condition of his commitment, *see* Tex.

---

[7] Bohannan alleges that written statements he was forced to make were used in his subsequent prosecution for allegedly violating rules regarding GPS monitoring.

18

No. 12-10231

Health & Safety Code Ann. § 841.082(a)(4) (requiring the committed person's "compliance with all written requirements imposed by the case manager"). Therefore, Bohannan has pleaded an actionable Fifth Amendment claim.

The same is true regarding Bohannan's polygraph examinations. Bohannan alleges that "[t]he CSOT[] and Griffin[] require those committed under Chapter 841 to answer questions on the mandated polygraph which address whether or not those committed have violated any rule/condition of their commitment." Furthermore, Bohannan claims that "[a] refusal to take the polygraph, or a failure of it, is a rule/condition violation prosecutable as a felony offense." As alleged, the polygraph examinations that Bohannan was subjected to present the same dilemma: either refuse to answer questions regarding violations of the commitment order and be prosecuted for the refusal, or acknowledge violating the commitment order and be charged accordingly.[8] Therefore, we reverse the district court's dismissal of Bohannan's Fifth Amendment claims.

**6**

Bohannan also disputes the district court's dismissal of his Eighth Amendment claim for deliberate indifference to mental health needs. Bohannan alleges that, during his incarceration for the alleged GPS monitoring violation, he was not given mental health treatment as mandated in his civil commitment order. The district court dismissed this claim, and we affirm.

In order to state a cognizable claim, Bohannan "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious

---

[8] The district court dismissed Bohannan's polygraph claim in part because Texas courts have held that an individual's Fifth Amendment rights are not self-executing and must be asserted in order to maintain a valid claim. *Bohannan*, 2012 WL 218953, at *3. The district court's dismissal does not address the aspect of Bohannan's claim considered here, however: when a penalty attaches to the refusal to answer incriminating questions, the privilege need not be asserted to make a valid claim. *Murphy*, 465 U.S. at 434–35

19

No. 12-10231

medical needs. It is only such indifference that can offend . . . the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference requires the unnecessary and wanton infliction of pain. *Bienvenu v. Beauregard Parish Police Jury*, 705 F.2d 1457, 1459 (5th Cir. 1983) (quoting *Gamble*, 429 U.S. at 104). It is "an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Bohannan has merely alleged a failure to provide court-ordered mental health treatment; his complaint does not state what treatment was denied or what injury he has suffered. He has neither alluded to nor claimed the unnecessary or wanton infliction of pain or injury required to state a cognizable claim for deliberate indifference. Even liberally construed, Bohannan has failed to state a claim to relief. Therefore, we affirm the district court's dismissal.

### 7

Bohannan alleges an Eighth Amendment deliberate indifference to serious medical needs occurred when, during his arrest for the alleged monitoring violation, Griffin instructed Troopers Doe I and II to leave Bohannan's medication behind. Bohannan claims he suffered serious injury because he was denied access to his various prescription medicines. The district court allowed Bohannan's claim against Griffin to proceed and dismissed Bohannan's claim against Troopers Doe I and II for failing to allege facts that state a § 1983 claim. We affirm the district court's dismissal because Bohannan has not alleged any facts that would suggest a § 1983 claim lies against the Troopers Doe I and II. As Bohannan's complaint clearly states, the decision to leave the medication behind was made by Griffin. Bohannan has, in turn, alleged a plausible claim against Griffin. Bohannan has not alleged facts that state a § 1983 against Troopers Doe I and II, however; and we affirm the district court's dismissal.

### 8

No. 12-10231

The next dismissal challenged by Bohannan involves Bohannan's claim that he was denied access to court. Bohannan alleges that his legal files were seized when he was arrested in March 2009, that officials delayed the return of his files, and that the files were incomplete and disorganized when they were finally returned. Bohannan claims that this caused him injury because it delayed the filing of both his federal habeas petition and this suit, and because it prevented him from adequately pleading claims. The district court read Bohannan's claim as only involving the federal habeas petition he filed in 2009 and dismissed that claim as time-barred. As explained below, Bohannan's complaint alleges denial of access to the courts for both his habeas petition and this case. Moreover, as Bohannan correctly argues, the district court premised its dismissal of Bohannon's denial-of-access habeas claim on an earlier denial. *See Bohannan v. Thaler*, No. 4:09–CV–662–A, 2010 WL 1685794 (N.D. Tex. Apr. 23, 2010). However, that prior decision was vacated some three weeks before the district court issued its dismissal here. *See Bohannan v. Thaler*, 132 S. Ct. 999 (2012). For the reasons that follow, we dismiss as moot Bohannan's denial of access claim as it pertains to his habeas petition and reverse dismissal of Bohannan's denial of access claim as it pertains to the present case.

Inmates' constitutional access to court is not limitless; inmates are only entitled to the tools and access necessary to attack their sentences, to challenge the conditions of their confinement, and to allege civil rights actions under § 1983. *Lewis v. Casey*, 518 U.S. 343, 354–55 (1996). In order to show a violation, plaintiffs must establish that meaningful access to the courts was hindered. *Id.* at 351. They must show actual injury. *Id.*; *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (per curiam). Such an injury generally takes the form of the loss of an actionable claim or the prevention of presenting a claim because of the alleged denial. *See Lewis*, 518 U.S. at 356 (stating that injury occurs when an inmate "shows that an actionable claim . . . which he desired to

21

No. 12-10231

bring has been lost or rejected, or that the presentation of such a claim is currently being prevented").

Here, Bohannan raises two denial of access claims, both of which arise out of the seizure of his legal papers. Bohannan alleges that the seizure of his papers impaired his ability to file his 2009 habeas petition, as well as the instant civil rights suit. We dismiss as moot Bohannan's claim regarding his habeas petition because his habeas claims were eventually heard on the merits.[9] The delay Bohannan alleges thus did not ultimately impact his access to the courts in that instance.

We do not dismiss Bohannan's second denial claim, however, because he has pleaded facts sufficient to allege a plausible claim. Bohannan states in his complaint that the seizure of his papers interfered with his ability to fully present the claim in this case. He elaborates on this point in his brief, stating that the seizure of his papers left him "unable to provide the court with more detailed factual pleadings and with the actual names of some of the unnamed defendants." Bohannan has thus alleged injury by demonstrating that the district court dismissed, and we have affirmed the dismissal of, some of his claims. Therefore, we reverse the district court.

**9**

Count seven of Bohannan's complaint alleges that various defendants retaliated against him for exercising his First Amendment right to file

---

[9] The district court initially dismissed Bohannan's habeas claim as time-barred. *See Bohannan v. Thaler*, 4:09–CV–662–A, 2010 WL 1685794 (N.D. Tex. Apr. 23, 2010). Bohannan thereafter filed a petition for a writ of certiorari, which the Supreme Court granted, vacating the judgment and remanding in light of a case involving tolling of the statute of limitations for habeas cases. *See Bohannan v. Thaler*, 132 S. Ct. 999 (2012). On remand, the district court decided Bohannan's case on the merits, *see Bohannan v. Thaler*, 4:09-CV-662-A, 2012 WL 2988752 (N.D. Tex. July 20, 2012), thus abrogating Bohannan's claim of prejudicial delay. Bohannan's appeal from the district court's 2012 order is pending. *Bohannan v. Thaler*, 12-10851 (5th Cir. filed Aug. 17, 2012).

22

grievances regarding his commitment.[10]  These claims are alleged against a number of parties, including Griffin, John Doe I, the CSOT, and "parole officials."  The district court dismissed all of Bohannan's claims except those against Griffin.  We reverse the dismissal of Bohannan's claim against John Doe I and affirm the dismissal of Bohannan's claims against the CSOT and parole officials.

To state a valid retaliation claim, Bohannan must claim (1) a specific constitutional right; (2) the defendant's intent to retaliate based on the exercise of that right; (3) a retaliatory adverse act; and (4) causation.  *Jones v. Greninger*, 188 F.3d 322, 324–25 (5th Cir. 1999) (per curiam).  Bohannan claims that the defendants retaliated against him for filing grievances.  Filing a grievance is a constitutionally protected activity.  *See Richard v. Martin*, 390 F. App'x 323, 325 (5th Cir. 2010); *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999).  As the district court recognized, Bohannan's complaint contains detailed factual allegations against Griffin that unquestionably support a claim for relief. Bohannan has also, however, alleged sufficient facts against John Doe I to maintain a retaliation claim.  Bohannan claims that John Doe I knew about the GPS monitoring violation alleged and authorized Griffin to pursue a warrant. Bohannan also alleges that John Doe I did so knowing that Bohannan had in fact not violated the facility's monitoring policies and did so with intent to retaliate.  Therefore, he has stated an actionable claim and we reverse dismissal of Bohannan's retaliation claim against John Doe I.

---

[10] Bohannan also alleges a malicious prosecution claim under the same heading. Insofar as Bohannan alleges a claim for malicious prosecution, dismissal is appropriate because a freestanding malicious prosecution claim is not available under § 1983.  *Cuadra v. Houst. Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010). "Rather, the claimant must allege that officials violated specific constitutional rights in connection with a malicious prosecution." *Id.* (internal quotation marks omitted).

No. 12-10231

The remainder of Bohannan's retaliation claims fail because Bohannan has not alleged sufficient facts or an intent to retaliate. Bohannan essentially claims that the CSOT failed to have policies that would prevent retaliation. That allegation does not constitute a claim for retaliation per se. Bohannan's claim against parole officials fails because parole officials are entitled to absolute immunity in the exercise of their decision-making powers. *Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (per curiam). Since Bohannan has failed to allege sufficient factual content to survive dismissal on either claim, we affirm the district court's dismissal of Bohannan's retaliation claims against the CSOT and parole officials.

**10**

Counts nine and ten of Bohannan's complaint allege a failure to train and a conspiracy to violate rights against a variety of defendants. The district court dismissed these claims because Bohannan's complaint contained very little information on point. Bohannan contests this dismissal. For the reasons that follow, we affirm the district court's dismissal.

Alleging a failure to train claim under § 1983 requires showing that: (1) a supervisor failed to supervise or train the subordinate official; (2) a causal link exists between the failure and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference. *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). The third prong, deliberate indifference, "is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011). "A pattern of similar constitutional violations" is generally necessary to demonstrate deliberate indifference. *Id.* Alleging deliberate indifference also requires showing actual or constructive notice that a particular shortcoming in training causes employees to violate citizens' constitutional rights. *Id.* Anything

less would result in de facto respondeat superior liability under § 1983. *Id.*; *see also Walker v. Upshaw*, No. 11–20628, 2013 WL 829057, at *4 (5th Cir. Mar. 4, 2013) (per curiam) (unpublished) ("Supervisory officials may not be held liable under § 1983 for the actions of their subordinates under any theory of vicarious liability.").

Bohannan's claim fails because Bohannan has not alleged a pattern or policy of arresting civilly committed individuals on the basis of false monitoring violations, the injury Bohannan alleges he personally suffered.    Rather, Bohannan relies exclusively on his specific injury, i.e., single-incident liability, an avenue for relief the Supreme Court has described as "rare." *Connick*, 131 S. Ct. at 1361.  The Supreme Court has only offered a single example of the sort of rare circumstances under which single-incident liability for a failure to train or supervise would be viable.  Single-incident liability would be available against "a city that arms its police force with firearms and deploys the armed officers into the public to capture fleeing felons without training the officers in the constitutional limitation on the use of deadly force." *Id.* (citing *City of Canton v. Harris*, 489 U.S. 378, 390 n.10 (1989)).  Single-incident liability is thus available in those exceptional instances where minimal training has been offered and the duties assigned carry an obvious need for additional or different training. *Canton*, 489 U.S. at 390; *Walker*, 2013 WL 829057, at *5.  As the facts alleged by Bohannan do not meet this stringent standard, his single-incident failure to train claim necessarily fails.

Bohannan's § 1983 conspiracy claim also fails because Bohannan has not alleged an agreement among the defendants to violate his rights.  "A plaintiff must 'allege specific facts to show an agreement.'" *Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008) (quoting *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004)).  A conclusory allegation that defendants conspired to violate Bohannan's rights does not suffice, even under the more generous standards

No. 12-10231

that control pro se pleadings.  For these reasons, we affirm the district court's dismissal of Bohannan's failure to train and conspiracy claims.

## 11

Bohannan also contests the district court's dismissal of his claims against various parole officials.  The district court dismissed Bohannan's claims on immunity grounds.  Bohannan's only argument here is that the district court committed error by relying on dicta.  While difficult to define, dicta involves the consideration of "abstract and hypothetical situations not before [the court]." *Connecticut v. Doehr*, 501 U.S. 1, 30 (1991) (Rehnquist, C.J., concurring); *see also Black's Law Dictionary* 1177 (9th ed. 2009) (defining "obiter dictum" as "[a] judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential").  The district court dismissed Bohannan's claims against the parole defendants on the basis of *Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122 (5th Cir. 1995) (per curiam).  In *Littles*, the court unequivocally stated that "[t]he Texas Board of Pardon and Paroles, a division of the Texas Department of Criminal Justice, is cloaked with Eleventh Amendment immunity." *Littles*, 68 F.3d at 123.  This statement was not dicta because it in fact controlled a part of the court's decision. *Id.* Moreover, "[p]arole officers are entitled to absolute immunity from liability for their conduct in parole decisions and in the exercise of their decision-making powers." *Id.* Therefore, since Bohannan has not shown any other error in the district court's decision, we affirm the district court's dismissal.

## 12

Bohannan also alleged a claim under the Texas Tort Claims Act ("TTCA"), which provides a limited waiver of sovereign immunity for suits against Texas government entities. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (West 2013).  For purposes of this suit, the TTCA waives sovereign immunity when a

No. 12-10231

"condition or use" of tangible property causes personal injury in a way that would make a private party liable under Texas law. *Id.* § 101.021(2). Specifically, Bohannan claims that state officials are liable for injuries he suffered as a result of the false alarm and subsequent arrest caused by the use of an allegedly defective GPS monitoring device. The district court dismissed Bohannan's claim because it did not meet the causation standard demanded by § 101.021(2). Because Bohannan has sufficiently alleged proximate cause, we reverse the district court's dismissal.

In order to state a claim under the TTCA involving the use or misuse of tangible property, "a plaintiff must allege (1) that the property was used or misused by a governmental employee acting within the scope of his or her employment and (2) that the use or misuse of the property was a contributing factor to the injury." *Gonzales v. City of El Paso*, 978 S.W.2d 619, 623 (Tex. App.—El Paso 1998, no pet.). The Texas Supreme Court has held that claims arising under § 101.021(2) require a showing of proximate cause. *Dallas Cnty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 342–43 (Tex. 1998). Proximate cause involves both cause-in-fact and foreseeability. *Tex. Tech. Univ. Health Sci. Ctr. v. Jackson*, 354 S.W.3d 879, 885 (Tex. App.—El Paso 2011, no pet.). More than mere involvement must be shown. *Bossley*, 968 S.W.2d at 343. Property does not cause an injury if it only furnishes a condition that makes injury possible. *Id.* The use of the property must be a substantial factor in bringing about the injury. *San Antonio State Hosp. v. Koehler*, 981 S.W.2d 32, 35 (Tex. App.—San Antonio 1998, pet. denied). "Requiring only that a condition or use of property be involved would conflict with the Act's basic purpose of waiving immunity only to a limited degree." *Bossley*, 968 S.W.2d at 343. Thus, for example, the Texas Supreme Court held that immunity was not waived when state employees left a door unlocked, allowing a patient to flee the facility and eventually commit suicide by jumping in front of a truck. *Bossley*,

No. 12-10231

968 S.W.2d at 340–41, 343. The Texas Supreme Court described the claim in *Bossley* as follows: "The unlocked doors permitted [the patient's] escape but did not cause his death." *Id.* at 343. By contrast, the Texas Supreme Court found immunity waived when a patient suffered injuries allegedly caused by the state's failure to provide a hospital bed with rails. *Overton Mem'l Hosp. v. McGuire*, 518 S.W.2d 528, 529 (Tex. 1975).

Here, the district court erred when it dismissed Bohannan's complaint because Bohannan has alleged that the faulty GPS monitor did more than just "furnish the condition that made the injury possible." *Bossley*, 968 S.W.2d at 343. In *Bossley*, the Texas Supreme Court denied a waiver of immunity because of the attenuation between the property at issue—the facility's unlocked doors—and the patient's death since the patient's escape through the unlocked doors was only "part of a sequence of events that ended in his suicide[.]" *Id.* By contrast, the allegedly faulty GPS monitor at issue proximately caused the injuries Bohannan alleges.

Bohannan's complaint states that the GPS monitor unit caused him extreme stress and high blood pressure as a result of its tendency to produce false alarms. The faulty GPS unit caused the false alarm which resulted in Bohannan's imprisonment and the injuries he suffered. The GPS unit was not a single attenuated factor in a long causal chain leading to Bohannan's claimed injury. Instead, Bohannan's complaint alleges that the defective GPS monitor was the cause-in-fact of the injuries he suffered. Moreover, he has claimed that his injuries were foreseeable since authorities allegedly had notice of his GPS unit's tendency to malfunction. Therefore, as alleged, Bohannan has pleaded a plausible claim to relief. We thus reverse the district court's dismissal.

**13**

Finally, Bohannan challenges the district court's dismissal of claims contained in a supplemental complaint he filed on August 17, 2011. The

supplemental complaint (1) re-alleges Bohannan's deliberate indifference to medical needs and mentions new defendants; (2) re-alleges retaliation and adds new defendants; and (3) adds a conclusory claim regarding Bohannan's failure to train claim. The district court dismissed the claims contained in the supplemental complaint on the basis that they were frivolous and failed to state a claim. For the reasons that follow, we affirm the district court.

To the extent Bohannan has alleged new facts and defendants involving deliberate indifference to medical needs, these claims fail because Bohannan has not met the standard for such a claim. Bohannan challenges the Tarrant County Jail's policy regarding access to prescription medicines prescribed by third-party doctors. Such a claim does not amount to deliberate indifference since the jail was relying on a policy dependent on doctors' medical judgment regarding other physicians' presciptions. *See Domino*, 239 F.3d at 756 (stating that the decision whether to provide additional treatment is a classic example of medical judgment). Bohannan has not alleged facts that suggest a wanton disregard for his medical needs. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Therefore, dismissal was appropriate.

Bohannan also alleges new instances of retaliation stemming from his use of the grievance process. Bohannan claims that Karla Elliot, Dee Anderson, and Bob Knowles retaliated against him for filing grievances. Dismissal of these claims is appropriate because they rely on vicarious liability and cursory statements lacking sufficient factual content. Therefore, dismissal was appropriate here as well.

The same is true of Bohannan's supplemented failure to train claim. Bohannan's supplemental complaint contains two paragraphs on point: one merely incorporates prior factual allegations and the other conclusorily alleges that various defendants "failed to adequately supervise and train" other defendants. These conclusory statements, even generously read, do not plead a

No. 12-10231

plausible cause of action. *Iqbal*, 556 U.S. at 678. Therefore, we affirm the district court's dismissal.

## IV

For the foregoing reasons, we AFFIRM the district court's transfer of venue, AFFIRM the denial of Bohannan's request for counsel, and AFFIRM IN PART and REVERSE IN PART the district court's dismissal of Bohannan's claims. We REMAND for further proceedings not inconsistent with this opinion.