# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11217
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 19, 2017

Lyle W. Cayce
Clerk

MICHAEL BOHANNAN,

Plaintiff-Appellant

v.

WESLEY GRIFFIN, in his individual capacity and in his official capacity as CSOT Program Specialist; ALLISON TAYLOR, in individual capacity only; LISA WORRY, in her individual capacity and in her official capacity as OVSOM Program Specialist; DEBORAH MORGAN, in her individual capacity; LILES ARNOLD, in his individual capacity and in his official capacity as CSOT Chairperson; MARIA MOLETT, in her individual capacity and in her official capacity as CSOT Member; AARON PIERCE, in his individual capacity and in his official capacity as CSOT Member; DAN POWERS, in his individual capacity and in his official capacity as OVSOM Board Chairperson; RONNIE FANNING, in his individual capacity and in his official capacity as CSOT Member; ALIDA HERNANDEZ, CSOT Member; CHRISTY JACK, in her official capacity as OVSOM Board Member; LEO LONGORIA, in his official capacity as OVSOM Board Member; MARSHA MCLANE, in her official capacity as Executive Director for OVSOM; CATHY DRAKE, in her official capacity as Deputy Director for OVSOM,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CV-299

No. 15-11217

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Michael W. Bohannan, Texas prisoner # 1841746, "has been convicted of a number of sex crimes dating back to 1982." *Bohannan v. Doe*, 927 F. App'x 283 (5th Cir. 2013). After his release from imprisonment for a child pornography offense, Texas sought to civilly commit Bohannan as a "sexually violent predator." A trial court's order of civil commitment was ultimately reversed on appeal. *See In re Commitment of Bohannan*, 388 S.W.3d 296, 307 (Tex. 2012). Complaining about certain conduct that occurred while he was committed, Bohannan filed this 42 U.S.C. § 1983 suit against several officials and employees of the Council of Sex Offender Treatment (CSOT) and the Office of Violent Sex Offender Management (OVSOM). On appeal, he challenges the district court's dismissal of claims against several defendants under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

We review de novo a district court's dismissal under Rule 12(b)(6). *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014). We accept the plaintiff's factual allegations as true, but the plaintiff must plead enough facts to state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the facts alleged allow the court to reasonably infer the defendant liability for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Bohannan has not satisfied this standard. As the district court concluded, he failed to state a claim against the defendants in their personal capacities because he did not allege facts showing that they were personally

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

involved in the complained-of conduct. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."). And Bohannan was not entitled to discovery to ascertain facts tying the defendants to his claims before the district court resolved the Rule 12(b)(6) motion. *See Southwestern Bell Tel., LP v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008) ("[W]hen deciding . . . whether to dismiss for failure to state a claim, the court considers, of course, only the allegations in the complaint.").

Because Bohannan is no longer civilly committed, he likewise has not shown any error in the district court's determination that his claims for prospective injunctive relief are moot. Bohannan's speculation that he could again be deemed sexually violent in the future is insufficient. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (explaining that a plaintiff's release will moot any claims for injunctive relief against custodial defendants unless the plaintiff shows a "demonstrated probability" or "reasonable expectation" that he or she will again be subject to custodial authority).

Finally, Bohannan's allegations that he has viable claims against defendants Wesley Griffin and Lupe Ruedas are unavailing because his claims against these defendants are not at issue in this appeal. We therefore AFFIRM the judgment of the district court.[1]

---

[1] Bohannan's motion to strike the appellee's brief is DENIED as moot.