# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 27, 2010

No. 09-30159
Summary Calendar

Lyle W. Cayce
Clerk

LLOYD A. RICHARD,

Plaintiff-Appellant

v.

WILLY J MARTIN, JR., Sheriff; HERIA WILLIAMS, Chief Deputy; CLAUDE
LOUIS, Detective; JOHN DUNN, Officer; UNIDENTIFIED PARTY; DALE
HYMEL, St. James President; EDWARD SCOTT, Assistant Warden; FARIN
SCIONEAUX, Warden; ROXIE BATISTE, Canteen Manager; HANK STEIB,
Jailor; OSBORNE WALLACE, Corporal,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CV-1399

Before BENAVIDES, PRADO and SOUTHWICK, Circuit Judges.
PER CURIAM:*

Lloyd A. Richard appeals the district court's dismissal as frivolous and for
failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e,
of his 42 U.S.C. § 1983 civil rights lawsuit. Review is for plain error because
Richard did not timely file objections to the magistrate judge's report, despite

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

having been warned that the failure to object would result in plain error review of his contentions on appeal. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc). To demonstrate plain error, Richard must show a forfeited error that is clear or obvious and affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). Even if he makes such a showing, this court has the discretion to correct the error but only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Richard renews his claims of deliberate indifference in connection with the medical care he received following a transport-van accident and of retaliation. He has abandoned by failing to brief any challenge to the district court's dismissal of his claim against St. James Parish President Dale Hymel. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Richard devotes much of his brief to his claim that St. James Parish Sheriff's Office employees at the scene of the van accident conspired to violate state law in various ways, most specifically by failing to report the accident. His claims of state law violations are not cognizable. *See Johnson v. Dallas Indep. Sch. Dist.*, 38 F.3d 198, 200 (5th Cir. 1994).

Richard's allegations do not demonstrate that prison officials were deliberately indifferent to his serious medical needs. First, he has waived any challenge to the district court's determination that his symptoms of neck pain, which resolved within a few weeks, and chronic mild back pain did not present a substantial risk of serious medical harm. *See Yohey*, 985 F.2d at 224-25; *see also Wagner v. Bay City, Tex.*, 227 F.3d 316, 324 (5th Cir. 2000). Second, Richard's own pleadings and testimony, along with the medical records, establish that he had routine visits to a medical professional and was given both over-the-counter and prescription medications to alleviate his symptoms and pain. Thus, the claim does not give rise to a constitutional violation. *See Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). Moreover, Richard has not

demonstrated that he suffered any injury, much less substantial harm, resulting from the alleged 10-day delay in seeing a nurse and/or the 20-day delay in being taken to a doctor. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Although Richard now complains that Dr. Poche intentionally mistreated and misdiagnosed him, he does not explain in what manner he has been misdiagnosed or what the correct diagnosis should have been. His disagreement with the doctor's treatment, specifically, the failure to provide him with a neck brace, is insufficient to establish a cognizable § 1983 claim. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Accordingly, with respect to his deliberate indifference claims, Richard has failed to show a clear or obvious error affecting his substantial rights. *See Puckett,* 129 S. Ct. at 1429.

Richard renews his claims that the prison officials retaliated against him for filing grievances about his medical care and for filing the instant lawsuit by failing to process his statement of prison account form, which he needed in order to proceed in forma pauperis (IFP), by denying him needed legal supplies, and by placing him in solitary confinement. Richard's complaints regarding the nine-day delay in processing his IFP form fail for lack of a retaliatory adverse act because he was granted leave to proceed IFP in the district court despite any delay. *See Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999); *see also Morris v. Powell*, 449 F.3d 682, 684-86 (5th Cir. 2006). The claim regarding the denial of "indigent supplies" similarly fails for lack of a retaliatory adverse act. Although Richard asserts that, on March 10, 2008, he was denied supplies necessary to his lawsuit in retaliation for having filed the suit, the record demonstrates that he was able to pursue the instant suit actively, filing numerous amendments to his complaint and a response to the defendants' answer, which filings indicate that his right of access to the court was not impaired in any way. *See Morris,* 449 F.3d at 684-86.

More problematic is the dismissal of Richard's claim of retaliation in connection with his placement in solitary confinement after filing a grievance

regarding his medical care. The defendants did not provide any explanation or submit any disciplinary records regarding Richard's alleged placement in solitary confinement and, although the district court acknowledged that the claim had been raised, it did not specifically address it. On their face, Richard's allegations state a claim for retaliation. *See Jones*, 188 F.3d at 324-25. He invoked his First Amendment right to file a grievance and asserts that Officer Steib and Corporal Wallace retaliated against him for exercising that right by placing him, on the same day he submitted the grievance through Officer Steib, in solitary confinement for 13 hours in a four-foot-by-eight-foot cell without a mattress or toilet and without his having committed any disciplinary infraction justifying the action. The allegations are sufficient to show causation, a chronology of events from which retaliatory motive can plausibly be inferred, and a more-than-de-minimis retaliatory adverse act. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995); *see also Morris*, 449 F.3d at 687. Richard has thus demonstrated plain error which affected his substantial rights resulting from the dismissal of his claim as either frivolous or for failure to state a claim. *See Puckett,* 129 S. Ct. at 1429; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Gonzales v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). This court will exercise its discretion to correct the error. *See Puckett,* 129 S. Ct. at 1429. Consequently, although further evidence may demonstrate that the retaliatory-solitary-confinement claim is meritless, the district court's dismissal of the claim is vacated, and the claim is remanded for further proceedings. The remainder of the district court's judgment is affirmed. Richard's motion for the appointment of counsel is denied. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

AFFIRMED IN PART, VACATED IN PART, AND REMANDED; MOTION FOR THE APPOINTMENT OF COUNSEL DENIED.