# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 30, 2013

Lyle W. Cayce
Clerk

No. 12-30191

BENJAMIN LEE,

Plaintiff-Appellant

v.

LOUISIANA DEPARTMENT OF CORRECTIONS; JAMES M. LEBLANC,
SECRETARY, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS;
N. BURL CAIN, Warden; TROY PORET, Assistant Warden; JERRY SHARP,
Colonel; WILLIE RICHARDSON, Major; RICHARD HUNT, Captain; TRISH
FOSTER, Legal Programs Director,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CV-138

Before REAVLEY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

This is a pro se appeal from the district court's grant of summary
judgment for the appellees on a retaliation claim under 42 U.S.C. § 1983.
Because there is a genuine issue of material fact, we REVERSE the district
court's grant of summary judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 12-30191

## FACTS AND PROCEDURAL HISTORY

Benjamin Lee filed a pro se 42 U.S.C. § 1983 complaint against the Louisiana Department of Corrections and various prison officials, including Major Willie Richardson and Captain Richard Hunt. Lee asserted that the defendants retaliated against him for filing grievances under the prison's Administrative Remedy Procedure program (ARP) pursuant to his request for a job change.

Specifically, Lee asserted that he was summoned to a meeting with Captain Hunt on January 24, 2010, and that he informed Hunt that he was not willing to drop the ARP. Lee also asserted that on January 28, 2010, he was summoned to a meeting with Major Richardson, who informed Lee that it was in his best interest to drop the ARP. When Lee informed Major Richardson that he was not willing to drop the ARP because he did not want the responsibilities included in the job description, Major Richardson told Lee to "go pack your shit and go to Hawk," which is an extended lockdown unit. *See Fulford v. King*, 692 F.2d 11, 13 (5th Cir. 1982). Lee asserted that two other prison officials were present at this meeting. Lee further asserted that he left Major Richardson's office, proceeded to the dormitory to pack his things, and was sent to the Hawk Unit and then to administrative segregation.

Also on January 28, 2010, Lee was issued a disciplinary report (DR) for "defiance" by Captain Hunt for refusal of a direct order at 10:50 a.m. to exit the Camp-D kitchen. The DR, which indicated that it was completed at 11:30 a.m. and that Lee refused to sign it, stated that Captain Hunt personally restrained Lee and escorted him to administrative segregation. On February 5, 2010, which is the date Lee said he was informed of the DR, Lee was found guilty of the DR and was sentenced to a maximum/working cell block and the loss of 12 weeks of canteen privileges.

2

No. 12-30191

Lee asserted that the DR issued by Captain Hunt was fabricated and was an act of retaliation for his refusal to drop the ARP. He further asserted that Major Richardson was aware of the false DR and failed to correct it. Thus, Lee alleges that the defendants conspired to retaliate in violation of Lee's constitutional rights. As evidence, Lee offered a Personal Property Storage Documentation form, which he signed at 11:55 a.m. on January 28, 2010, as witnessed by a prison employee, showing that he was in the dormitory placing seals on his property pursuant to instruction by Major Richardson, rather than having been restrained and escorted to administrative segregation by Captain Hunt at 10:50 a.m.

Lee filed a "first step" grievance against Major Richardson. Richardson denied Lee's allegations and contended that Lee was placed in administrative segregation for defiance. Lee then filed a "second step" grievance for administrative review with the Secretary of the Louisiana Department of Public Safety and Corrections, which denied relief on July 22, 2010.[1]

Lee then filed his 42 U.S.C. § 1983 claim. The defendants moved for summary judgment, asserting that Lee had not exhausted his claims against any of the defendants except Major Richardson, and that Lee's allegations against Richardson were false. The magistrate judge recommended that the defendants' motion for summary judgment be granted, determining that Lee failed to exhaust administrative remedies, with the exception of his claim against Richardson, and that Lee did not show he had suffered an adverse retaliatory act with regard to Richardson. Lee objected to the report and recommendation

---

[1] Lee attempted to file an amendment to his ARP on February 8, 2010, to set forth retaliation claims against all of the defendants, rather than just Major Richardson. Lee asserts that Legal Programs Director Trish Foster knowingly and intentionally ignored the filing in order to protect her colleagues.

which was ultimately adopted by the district court. The district court granted the defendants' motion for summary judgment and dismissed the complaint.

Lee subsequently filed this appeal. The district court denied Lee leave to proceed in forma pauperis (IFP) on appeal. Upon motion here, Judge Southwick granted Lee's motion for IFP, finding that Lee set forth a genuine issue of material fact with respect to his claim that Richardson's actions were part of a chain of events which were done in retaliation for his refusal to drop the grievance. Judge Southwick further directed the clerk to establish a briefing schedule that included the appellee. The appellee did not file a brief.

## STANDARD OF REVIEW

This court reviews the district court's grant of summary judgment de novo, applying the same standards as the district court. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## DISCUSSION

### I. Failure to Exhaust Administrative Remedies

The district court adopted the magistrate judge's report and recommendation, which found that Lee failed to exhaust available administrative remedies regarding the claims against the defendants other than Major Richardson. We agree essentially for the reasons stated in the Magistrate Judge's Report, as adopted by the district court. Because Lee failed to pursue the grievance remedy to conclusion, the district court did not err in concluding that his claims against the defendants other than Richardson were not exhausted.

### II. Retaliation by Major Richardson

"To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate

against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008) (citation omitted). Filing grievances is constitutionally protected activity, and prison officials cannot retaliate against prisoners for such activity. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). *See also Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). The district court adopted the magistrate judge's finding that Lee failed to establish the third element of his claim because he failed to establish that Major Richardson had anything to do with the actions taken by Captain Hunt. Specifically, the district court acknowledged that there "are factual issues in dispute" regarding whether Major Richardson spoke with Lee regarding withdrawing the ARP and whether he had Lee transferred to Hawk Unit in retaliation for refusing to withdraw the administrative grievance. But the district court found summary judgment proper because Lee failed to establish that he "suffered a qualifying adverse retaliatory act" or "actual injury" because the transfer to Hawk Unit was only de minimis. We disagree.

A pro se plaintiff's pleadings are to be construed liberally. *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002). Further, on summary judgment, this court construes all facts and inferences in the light most favorable to the nonmoving party. *Dillon*, 596 F.3d at 266. In liberally construing the inferences that may be drawn from Lee's allegations in the light most favorable to Lee, Lee alleged a series of events from which it could be inferred that Richardson's and Hunt's actions were directly connected. Further, based on this court's previous unpublished opinions, the entirety of the adverse act should be considered to determine whether Lee's injury was more than merely de minimis. *See Hanna v. Maxwell*, 415 F. App'x 533, 536 (5th Cir. 2011); and *Richard v. Martin*, 390 F. App'x 323, 325-26 (5th Cir. 2010). Specifically, the court should have also considered the placement in administrative segregation and the sanctions imposed following the finding of guilt on the DR rather than merely the two-hour

detention in the Hawk Unit. Lee was sent to the Hawk Unit, then to administrative segregation, and sentenced to a maximum/working cell block and the loss of 12 weeks of canteen privileges. This would be more than a de minimis act and would certainly deter an ordinary person from further exercise of his rights. *See Morris*, 449 F.3d at 686; *see also Hart v. Hairston*, 343 F.3d 762, 764 & n.1 (5th Cir. 2003). Lee has further provided evidence, in the form of prison records, indicating that he was packing and storing his property during the time Captain Hunt reported that he was personally restraining him and escorting him to administrative segregation for defiance. There is no question that a DR for defiance would properly provide a basis for Lee's placement in administrative segregation, whereas retaliation for refusal to drop an ARP would not.

Accordingly, Lee set forth a genuine issue of material fact with regard to his claim that Richardson's actions were part of a chain of events which were done in retaliation for his refusal to drop the grievance. Thus, the district court erred in granting summary judgment on Lee's retaliation claim against Richardson and we REVERSE.