# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-11248

United States Court of Appeals
Fifth Circuit

**FILED**
March 26, 2014

Lyle W. Cayce
Clerk

DARRYL W. DAY,

Plaintiff - Appellant

v.

HONORABLE MICHAEL T. SEILER, official capacity; GREGG W ABBOTT, Attorney General of Texas (official capacity); ALLISON TAYLOR, executive director Office of Violent Sexual Offender Management (OVSOM) (official capacity),

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CV-564

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:*

Proceeding *pro se* and *in forma pauperis*, Darryl W. Day filed this 42 U.S.C. § 1983 action regarding his civil commitment at the Fort Worth Transitional Center, a halfway house.  Named as defendants in their official capacities are Texas Judge Michael Seiler, Texas Attorney General Gregg

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 12-11248

Abbott, and Allison Taylor, executive director of the Texas Office of Violent Sexual Offender Management. This action was dismissed pursuant to 28 U.S.C. § 1915 (proceedings *in forma pauperis*), the district court's having ruled Day failed to state a claim upon which relief could be granted. AFFIRMED in PART; VACATED in PART; REMANDED. MOTION FOR APPOINTMENT OF COUNSEL DENIED.

## I.

When Day was 19, he abducted at gunpoint, and sexually assaulted, a 14-year-old girl. He received deferred-adjudication probation for the state-law offense; but, the judgment was modified to a conviction when, four years later, he was convicted of abducting at gunpoint, and sexually assaulting, a 23-year-old woman. Day was disciplined, while imprisoned, for masturbating in front of female correctional officers. Following a jury trial on his status as a sexually violent predator (SVP), the jury found Day had "a behavioral abnormality that predisposes him to engage in a predatory act of sexual violence". A forensic psychologist estimated Day had between eight and ten victims. Day was civilly committed as an SVP, and the state intermediate appellate court affirmed the judgment. *In re Commitment of Day*, 342 S.W.3d 193, 197 (Tex. App. 2011).

Day filed this action after being civilly committed. The district court construed his *pro se* complaint as raising six issues: rule infractions leading to felony prosecution violated Day's due-process and equal-protection rights; mandatory polygraph tests violated his Fifth Amendment right against self-incrimination; GPS monitoring restricted his liberty in violation of the Fifth and Fourteenth Amendments; restrictions on unapproved contact with friends and family infringed on his First Amendment right of association; confinement denied Day access to the courts; and the SVP program was punitive in nature.

No. 12-11248

For his claim regarding mandatory polygraph examinations, Day emphasized refusal to undergo polygraph testing could result in felony prosecution, either by a confession of violations to his treatment regime, or, alternatively, by a refusal to take the polygraph, which constitutes a violation. For his First Amendment claim, he contended the restrictions on visitation violated his right of association, and amounted to a "complete ban on any unapproved contact". Day sought declaratory and injunctive relief, as well as compensation for litigation costs, and requested appointed counsel.

In determining whether to require defendants to answer Day's complaint, the district court analyzed it under 28 U.S.C. § 1915, which directs courts to dismiss, *sua sponte*, an *in forma pauperis* action when it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief". 28 U.S.C. § 1915(e)(2)(B). Along that line, the court noted programs similar to that challenged by Day have been upheld by the Supreme Court and Texas courts, and concluded any challenge to Texas' SVP law was unavailing. It ruled the rest of Day's claims likewise failed because they pertained to "routine" aspects of SVP treatment and helped protect the public from SVPs, a legitimate, non-punitive state reason for restrictions on, *inter alia*, liberty interests. Therefore, ruling Day failed to state a claim upon which relief could be granted, the court dismissed his claims pursuant to 28 U.S.C. § 1915. *Day v. Seiler*, No. 4:12-CV-564 (N.D. Tex. 23 Oct. 2012). Subsequently, the court denied Day's motion to alter the judgment under Federal Rule of Civil Procedure 59(e), as well as Day's post-judgment motion to amend his complaint.

No. 12-11248

## II.

Insofar as Day contends the district court erred by not analyzing some of his claims, those not addressed explicitly are considered as having been rejected implicitly. *Soffar v. Dretke*, 368 F.3d 441, 470–71 (5th Cir.), *amended on rehearing on other grounds*, 391 F.3d 703 (5th Cir. 2004); *see also Jefferson v. MillerCoors, LLC*, 440 F. App'x 326, 329 (5th Cir. 2011) ("Because the district court failed to address Jefferson's [claim], we consider the claim implicitly rejected by the court."). Because Day is proceeding *pro se*, his complaint is liberally construed. *E.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). As such, any contentions that the district court failed to analyze certain claims are construed instead as asserting the court erred in dismissing them.

Day challenges the dismissal, under 28 U.S.C. § 1915(e)(2)(B)(ii), of the following eight claims: the court unlawfully used prior plea agreements; the lack of a probable cause hearing violated his Fourth Amendment rights; GPS monitoring violates his due-process rights; he was denied access to the courts; Texas' SVP program violates due process, equal protection, the Ex Post Facto Clause, and double jeopardy; the imposition of a felony for a rule infraction violates his due-process and equal-protection rights; mandatory polygraph examinations violate his Fifth Amendment right against self-incrimination; and a "complete ban" on unapproved visitors and other restrictions on contact violate his First Amendment right of association.

A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted is reviewed under the same *de novo* standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6). *E.g.*, *Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

**A.**

With the exception of his First and Fifth Amendment claims, discussed in part II. B., *infra*, we hold, essentially for the reasons stated by the district court, that Day failed to state a claim upon which relief could be granted.

In addition, to the extent Day contends the SVP proceedings amount to a breach of his plea agreements, this assertion is unavailing because a § 1983 action is not the proper vehicle to bring this claim. *See Braden v. Tex. A & M Univ. Sys.*, 636 F.2d 90, 92–93 (5th Cir. 1981); *cf. Montoya v. Johnson*, 226 F.3d 399, 405–06 (5th Cir. 2000) (analyzing guilty plea on *habeas* review).

Likewise, the court did not err by rejecting Day's claims concerning a probable-cause hearing and GPS monitoring, both of which are grounded in his theory that the SVP proceedings are punitive and thus not civil in nature. An examination of pertinent authority and the SVP statute confirms that the proceeding at the heart of this action is civil in nature and that Day is not, contrary to his assertions, incarcerated, nor is he being subjected to punitive treatment. *See, e.g., Kansas v. Hendricks*, 521 U.S. 346 (1997); *In re Commitment of Fisher*, 164 S.W.3d 637, 653 (Tex. 2005).

Also unavailing is Day's claim of denial of access to courts; he has not alleged an actual injury arising from this purported denial. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996).

**B.**

The following two issues are remanded for further proceedings: whether mandatory polygraph examinations violate Day's Fifth Amendment right

against self-incrimination; and whether the restrictions on contact and visitation violate his First Amendment right of association.

In analyzing these claims, we draw on this court's recent unpublished opinion in *Bohannan v. Doe*, 527 F. App'x 283 (5th Cir. 2013).  Similar to this action, appellant in *Bohannan*, also a Texas SVP, appealed the denial of his motion for appointment of counsel as well as the dismissal of his claims for frivolousness and failure to state a claim on which relief could be granted.  *Id.* at 287–88.  Bohannan presented a series a claims concerning his treatment, as well as First and Fifth Amendment claims.  *Id.* at 292–96.  While this court affirmed the denial of appointment of counsel and dismissal of almost all claims, it reversed the dismissal of the First and Fifth Amendment claims because Bohannan had "alleged sufficient facts to raise plausible claims to relief".  *Id.* at 295.

On the First Amendment claim, Bohannan contended Texas' SVP policies imposed unreasonable restrictions on visitation and outside contact. *Id.* at 294.  Our court emphasized restrictions on First Amendment rights would be upheld if "reasonably related to the institution's goal of treatment and rehabilitation".  *Id.* at 295.  But, because Bohannan contended the restrictions were "blanket" and "arbitrary", our court held he had stated a plausible claim that survived dismissal under § 1915(e)(2)(B).  *Id.*

For his Fifth Amendment claim, Bohannan maintained mandatory written statements and polygraph examinations violated his right against self-incrimination because he could not decline and because such statements were used against him in a subsequent criminal prosecution.  *Id.*  On the claim against mandatory polygraph examinations, our court reversed the dismissal because the examinations presented Bohannan with the following dilemma:

"either refuse to answer questions regarding violations of the commitment order and be prosecuted for the refusal, or acknowledge violating the commitment order and be charged accordingly". *Id.* at 296.

Similarly, Day contends the SVP program violates his First Amendment right of association because the policies serve as a "complete ban" on unapproved contact with family members and friends. Likewise, for his Fifth Amendment claim, he maintains SVPs being required to undergo polygraph examinations, or else be dismissed from therapy, which constitutes a felony, violates his right against self-incrimination. Appellant's claims in *Bohannan* were substantially similar, and we find our court's reasoning in that opinion compelling.

## C.

Day filed a motion with this court in January 2013, for appointment of counsel. The motion was carried with the case. Day's claims are relatively straightforward and do not involve complex cross-examination or conflicting testimony. *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (discussing discretion in appointing counsel).

## III.

For the foregoing reasons, Day's motion for appointment of counsel is DENIED; the judgment is AFFIRMED in PART and VACATED in PART; and this matter is REMANDED for further proceedings consistent with this opinion.